Joan **MYERS** et al., Appellees,

v.

**CIVIL SERVICE COMMISSION,**
Appellant.

No. 74–1010.

United States Court of Appeals,
Sixth Circuit.

March 27, 1974.

William W. Milligan, U. S. Atty., Cincinnati, Ohio, Irving Jaffe, William Kanter, Jean Staudt, Dept. of Justice, Washington, D. C., for appellant.

Donald R. Stacy, Paul A. Nemann, Legal Aid Society of Cincinnati, Cincinnati, Ohio, for appellees.

Before EDWARDS, PECK and ENGEL, Circuit Judges.

ORDER

This matter has come on to be considered under a motion filed by the plaintiff-appellee to dismiss the appeal on the ground that appellant has failed to file its brief within forty days after the date of the record herein was filed, which said period expired February 12, 1974. On January 25, 1974, and on February 20, 1974, this Court denied appellant's "Motion for an Extension of Briefing Time" and its "Renewed Motion for an Extension of Briefing Time," both asking such extension "until forty (40) days after the district court renders a decision on the appellant's 'Motion to Vacate Default Judgment.' "

The filing of the notice of appeal had "the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divest[ed] the district court of authority to proceed further with respect to such matters . . . ." 9 Moore's Federal Practice, 2d ed., ¶ 203.11; see cases there cited. Thus, as was indicated by this Court in its ruling on said renewed motion, the District Court was then and is now without jurisdiction to consider the motion to vacate the default judgment, which was filed eleven days after the filing of the notice of appeal. In its opposition to the motion presently before us appellant once again relies on a ground lacking validity, namely that the motion to vacate the default judgment is still before the District Court for consideration, and it is therefore concluded that the motion to dismiss the appeal is well taken. Accordingly,

It is ordered that this appeal be and it hereby is dismissed.